## J. J. QUINN

*v.*

## STATE OF ILLINOIS.

*Opinion filed January 19, 1921.*

GOVERNMENTAL FUNCTION—*when the State is not liable.* The State in conducting the Illinois State Reformatory at Pontiac exercises a governmental function and is not liable for injuries sustained by its employees while in the performance of their duty. (*Taylor* v. *State*, 2-C. C. 243, followed.)

SOCIAL JUSTICE AND EQUITY.—While the State is not legally liable the Court as a matter of social justice and equity recommends an appropriation to claimant for injuries sustained and disbursements made by him.

Edward J. Brundage, Attorney General, for State.

The claimant, James J. Quinn, who has been employed as guard at the Illinois State Reformatory at Pontiac from February 12, 1893, to August 28, 1918, brings this suit for damages for injuries received by him while in the performance of his duty. The testimony in this case shows that on August 28, 1918, said claimant, while in charge of the yard gang at said reformatory, was attacked and beaten, choked, knocked down and badly injured by four convicts under his charge, in an attempt by them to obtain his keys to the outer gates, and escape. The convicts did obtain the keys, and opened the railroad gate and endeavored to escape, but they were noticed by the guard in one of the towers who opened fire on them. One convict was shot by the guard from the tower, two others thereupon returned and surrendered and the fourth escaped and has not yet been recaptured. These convicts were in the third class, being the worst characters in the reformatory. This attack was made shortly after noon, while the yard gang was being given its regular three-quarters of an hour for recreation. The claimant was attacked while at his desk and had no opportunity to defend himself. He put up the best fight possible against overwhelming odds, but was unable to escape from his assailants. He called for help but no one heard him in time to give him assistance.

The testimony of the physicians attending the claimant, shows that he was semi-conscious, suffering from shock and loss of blood and that his head and face were one mass of cuts and bruises, and that there were large contusions on the shoulder, side and back, and over the region of the kidney.

Claimant was treated at the hospital by the hospital physicians, and also by the State surgeon from Peoria, and also received treatment from a specialist at Joliet, and from the Mayo Brothers at Rochester, Minnesota, and the testimony of said physicians and specialists shows

that they are of the opinion that the injuries received by claimant are permanent. The testimony further shows that the claimant was of the age of thirty-five years when he entered the employ of the State, in 1893, and that he was sixty years of age at the time of the above assault; that he received $50.00 per month at the time he began working for said institution and that at the time he was injured he was receiving $130.00 per month; that during his employment, he had saved up $1,100.00 in cash and owned a house and lot in Pontiac in which he was living with his daughter, and that he had no property excepting said house and lot and said $1,100, and no income excepting his salary; that during the time he was injured, he was unable to report for duty and lost six months of wages, and that he spent all of his $1,100 of savings in treatments, in attempting to be cured of his injuries; that while being treated, claimant returned to work several times, but was compelled to give up work.

The State, through the Attorney General, has interposed a demurrer to the declaration and evidence, setting up as a defense that the doctrine of *respondeat superior* does not apply to the State, and that the State in conducting the reformatory at Pontiac, is exercising a governmental function and is not liable for the injuries of those it employs.

The Attorney General, in his brief, states that there is no dispute about the facts in the case, but that they are substantially correct as stated in the brief and argument filed by claimant.

Under the previous decisions of this Court, the contentions of the State, through the Attorney General, must be sustained.

The State is not liable for injuries received by its employees in the performance of their duty as 'the doctrine of *respondeat superior* does not apply to the State.'

> *Hedges* v. *County of Madison,* 1 Gilm., 567.
> *Elmore* v. *Drainage Commissioners,* 135 Ill., 269.

'The State, in conducting the reformatory at Pontiac, is exercising a governmental function, and is not liable for the death and injury of those it employs.'

> *Morrisey* v. *State,* Vol. 2, Court of Claims, 267.
> *Taylor* v. *State,* Vol. 2, Court of Claims, 243, and other cases passed upon by this Court.

Under these decisions, this Court holds that the State is not liable to claimant for his injuries. Under the law, this claim is therefore rejected.

However, the Court feels that as an act of social justice and equity, under the facts in this case, an allowance should be made to claimant for his injuries, as the Court cannot legally make an award in this case. It therefore recommends to the Legislature that an appropriation to claimant be made in full of his injuries and disbursements, of the sum of four thousand dollars.